Mark D. Kremer (SB# 100978)
  *m.kremer@conklelaw.com*
Rebecca A. Bellow (SB# 293360)
  *r.bellow@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California  90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Plaintiff Moroccanoil, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOROCCANOIL, INC., a California corporation<br><br>    Plaintiff,<br><br>   v.<br><br>Xen Products and Marketing, Inc., a Texas corporation, doing business as Xen Tan Premium Sunless Tanning; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE No.<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114]**<br><br>2. **FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION [15 U.S.C. § 1125(a)]**<br><br>3. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>4. **STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING [B&P CODE §§ 17200 & 17500]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises under and this Court has original jurisdiction pursuant to 15 U.S.C. § 1121 (trademarks), 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1332 (diversity), 28 U.S.C. § 1338(a) (trademarks), 28 U.S.C. § 1338(b) (unfair competition), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

2.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims occurred in this judicial district, and because Defendant is subject to the Court's personal jurisdiction with respect to this action. 28 U.S.C. § 1391(c)(2).

## THE PLAINTIFF

3.      Moroccanoil, Inc. is a California corporation in good standing with the California Secretary of State ("Plaintiff" or "Moroccanoil").  Its principal place of business is located in Los Angeles County.  The term "Moroccanoil" as used herein shall include Moroccanoil, Inc., and its predecessors.

## DEFENDANTS

4.      On information and belief, Defendant Xen Products and Marketing, Inc., doing business as Xen Tan Premium Sunless Tanning ("Xen Tan"), is a Texas corporation.  Xen Tan markets and sells its products throughout the United States, including in Los Angeles County, California.

5.      On information and belief, there are other individuals who make, obtain, distribute, supply and sell products in violation of law, and violate Moroccanoil's rights as alleged herein, but Moroccanoil is ignorant of their true identity or complete role in

1   the alleged conduct and therefore sues them by the fictitious names DOES 1 to 10.

2   Moroccanoil is informed and believes that each of the defendants designated as a Doe is

3   liable in some manner for the acts and omissions, damages and injuries of which

4   Moroccanoil alleges in this Complaint.  Moroccanoil will seek to amend this Complaint

5   to state the true identities of Does 1 through 10 when ascertained.  Xen Tan and the Doe

6   Defendants are referred to collectively as "Defendants."

7

8         6.     On information and belief each of the Defendants were at all relevant times

9   acting to the fullest extent recognized by law as the agent, employee or co-conspirator

10  of each of the other Defendants, and that in committing the acts and omissions alleged

11  herein and causing the damage and injuries alleged, were acting within the scope of

12  such agency, employment or conspiracy.  The Defendants have committed acts in

13  furtherance of the conspiracy, have given aid and encouragement to their co-

14  conspirators and have ratified and adopted the acts of their co-conspirators.

15

16        7.     On information and belief there exists, and at all times mentioned there

17  existed, a unity of interests and ownership between individual Defendants and business

18  entity defendants such that any individuality and separateness between the individual

19  and businesses never existed or has ceased to exist, and each Defendant is in each

20  instance the alter ego of the other Defendants who control all such entities.  To adhere

21  to the fiction of the Defendant entities as having existence as separate and distinct from

22  the individual Defendants or from those with them and who owned and controlled them

23  would permit an abuse of the corporate and other entity privileges, would sanction

24  fraud, and would promote injustice.

25

26

27

28

## INTRODUCTION

8.      Commencing in January 2007, Moroccanoil introduced a unique line of products featuring argan oil.  The products have been a tremendous success and garnered recognition and praise from celebrities, runway stylists, and consumers in the United States and throughout the world.  Moroccanoil's product line includes a range of hair care and body care products, each packaged and advertised using the distinctive trademarks and trade dress consumers uniquely associate with Moroccanoil.  Sold in the United States and internationally, Moroccanoil and its high-quality product line (the "Moroccanoil Products") are held in high esteem by professional stylists and consumers alike.

9.      Seeking to capitalize on Moroccanoil's success, Defendant has introduced a line of beauty and skin care products using the trademark name "Moroccan Oil."  The Accused Products infringe Moroccanoil's trademark and is likely to confuse consumers.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

## THE MOROCCANOIL PRODUCTS

10.      Moroccanoil distributes in the United States hair and body products utilizing the Moroccanoil trademark.  True and correct color photographs of Moroccanoil's Products are shown below.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Moroccanoil Products**












## MOROCCANOIL'S TRADEMARKS

11.     All Moroccanoil products bear the trademark "Moroccanoil" ("Moroccanoil Trademark") which is federally registered in Class 3 on the principal register of the United States Patent and Trademark Office ("USPTO") under Registration No. 3,478,807, which has been granted incontestability under 15 U.S.C. § 1065.

12.     Since January 2007, Moroccanoil has continuously used the Moroccanoil Trademark in commerce in the United States.  As a result of its success, Moroccanoil has built goodwill and value in the Moroccanoil Trademark such that consumers associate it exclusively with Moroccanoil.

## DEFENDANTS' INFRINGING PRODUCTS

13.     The Accused Products prominently place the confusingly similar term "Moroccan Oil" on their product and packaging, an exemplar of which is shown below:





**FIRST CLAIM FOR RELIEF**

**FOR TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

**(AGAINST ALL DEFENDANTS)**

14.     Moroccanoil incorporates and realleges paragraphs 1 through 13 of this Complaint.

15.     Moroccanoil owns the federally registered Moroccanoil Trademark, including Registration No. 3,478,807 for MOROCCANOIL.   Defendants have infringed this trademark by using "Moroccan Oil" for advertising, distribution and sale of the Accused Products without Moroccanoil's authorization.

16.     Defendants' use of "Moroccan Oil" and their sale and advertising of the Accused Products have a substantial effect on interstate commerce, have caused consumer confusion, and are likely to continue to cause consumer confusion and to deceive the public into believing that the Accused Products originate from and are authorized by Moroccanoil.

17.     On information and belief, Defendants have committed these acts of infringement with the intent to cause confusion and mistake and to deceive the public into believing that Moroccanoil makes, sponsors or endorses the Accused Products.

18.     As a direct and proximate result of Defendants' unlawful acts alleged herein, including infringement of the Moroccanoil Trademark, Moroccanoil has suffered and will continue to suffer injury to its business, goodwill and property.

19.     As a direct and proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil has suffered damages of a nature and in an amount according to proof at trial.

20.    Moroccanoil demands and is entitled to an accounting from each Defendant, including all information necessary to permit Moroccanoil to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

21.    Moroccanoil has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil Trademark, Moroccanoil will continue to suffer irreparable harm.

22.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Moroccanoil, the Moroccanoil Trademark and the Moroccanoil Products, and to cause injury to Moroccanoil.  As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

**SECOND CLAIM FOR RELIEF**
**FOR FEDERAL TRADEMARK INFRINGEMENT AND**
**UNFAIR COMPETITION UNDER 15 U.S.C. § 1125**
**(AGAINST ALL DEFENDANTS)**

23.    Moroccanoil incorporates and realleges paragraphs 1 through 13 of this Complaint.

24.    The Moroccanoil Trademark have acquired secondary meaning and are uniquely associated with Moroccanoil in the minds of consumers.

25.   Defendants' use of the Moroccanoil Trademark by using the term "Moroccan Oil" infringes the Moroccanoil Trademark by confusing and deceiving consumers as to the source or sponsorship of the Accused Products.  Defendants' conduct constitutes infringement of Moroccanoil's unregistered trademarks and unfair competition in violation of 15 U.S.C. § 1125(a).

26.   Defendants' acts have caused and will continue to cause Moroccanoil to suffer injury to its business, goodwill and property.

27.   As a proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil has suffered damages of a nature and in an amount according to proof at trial.

28.   Moroccanoil demands and is entitled to an accounting from each Defendant, including all information necessary to permit Moroccanoil to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

29.   Moroccanoil has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil Trademark, Moroccanoil will continue to suffer irreparable harm.

30.   On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Moroccanoil, the Moroccanoil Trademark, and the

1  Moroccanoil Products, and to cause injury to Moroccanoil.  As such, this is an

2  exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be

3  trebled and attorneys' fees awarded.

4

5  **THIRD CLAIM FOR RELIEF**

6  **COMMON LAW TRADEMARK INFRINGEMENT AND**

7  **UNFAIR COMPETITION**

8  **(AGAINST ALL DEFENDANTS)**

9  31.  Moroccanoil incorporates and realleges paragraphs 1 through 13 of this

10  Complaint.

11

12  32.  Defendants' actions constitute infringement of Moroccanoil's common

13  law rights in the Moroccanoil Trademark, and will confuse and deceive the public

14  concerning the source, affiliation or sponsorship of the Accused Products.

15

16  33.  In performing the acts and unfair business practices alleged, Defendants

17  are engaging in unlawful and unfair competition in violation of Moroccanoil's rights.

18

19  34.  On information and belief, Defendants' acts and omissions as alleged

20  herein were committed knowingly, intentionally and willfully with the intent to trade on

21  Moroccanoil's goodwill in the Moroccanoil Products and the Moroccanoil Trademark.

22

23  35.  Moroccanoil demands and is entitled to an accounting from each

24  Defendant, including all information necessary to permit Moroccanoil to determine the

25  gains, profits and advantages that Defendants have obtained by reason of their wrongful

26  conduct described herein.

27

28

36.     Moroccanoil has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil Trademark, Moroccanoil will continue to suffer irreparable harm.

37.     On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Moroccanoil, the Moroccanoil Trademark and the Moroccanoil Products, and to cause injury to Moroccanoil.  Moroccanoil should be awarded punitive damages.

**FOURTH CLAIM FOR RELIEF**

**FOR STATUTORY UNFAIR COMPETITION**

**AND FALSE ADVERTISING**

**UNDER CAL. BUS. & PROF. CODE §§ 17200 AND 17500**

**(AGAINST ALL DEFENDANTS)**

38.     Moroccanoil incorporates and realleges paragraphs 1 through 13 of this Complaint.

39.     Defendants' actions constitute infringement of Moroccanoil's common law rights in the Moroccanoil Trademark.

40.     Defendants' unfair business practices, acts of infringement and misleading advertising practices as herein alleged are in violation of California Business and Professions Code, Section 17200, *et seq*., and California Business and Professions Code, Section 17500, *et seq*.

41.     In performing the acts and unfair business practices alleged, Defendants are engaging in unlawful and unfair competition in violation of Moroccanoil's rights. Defendants have obtained revenue and profit by their acts of unfair competition and they should be ordered to disgorge all such revenue and profit.  Defendants will continue such unfair and fraudulent business practices unless and until they are restrained.

42.     Moroccanoil has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil Trademark, Moroccanoil will continue to suffer irreparable harm.

### PRAYER

**WHEREFORE**, Moroccanoil prays for judgment as follows:

1.     For preliminary and permanent injunctive relief against all Defendants, and each of them, and their officers, agents, attorneys, representatives and assigns, and all persons acting in active concert or participation with them, from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

(a)     Infringing any trademark, trade dress or other intellectual property right owned or controlled by Moroccanoil;

(b)     Causing a likelihood of confusion, deception, or mistake as to the source, nature, or quality of Moroccanoil's goods or causing confusion, deception or mistake as to the source, nature or quality of Defendants' goods;

(c)     Using any false designation of origin or false representation concerning any of Defendants' goods; and

(d)     Violating any statute, decision, rule or regulation of any governmental entity in the course of the offering, disposition or sales of any of the Accused Products;

2.      For an order directing Defendants, and each of them, to file with this Court and serve on Moroccanoil within 30 days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

3.      For an order requiring Defendants, and each of them, to deliver to Moroccanoil all products, literature, advertising, and other material bearing any infringing trademarks or a use of any trademark constituting federal, California state or common law unfair competition;

4.      For an order requiring Defendants to account for all sales and transfers of any of the Accused Products, including an order that they submit to Moroccanoil immediately all records of all purchases, sales, and other materials pertaining to the acquisition and distribution of the Accused Products;

5.      For an accounting from each Defendant of all profits, monies and advantages that Defendants have obtained by reason of their wrongful conduct;

6.    For damages in an amount according to proof at trial and trebled as permitted by law;

7.    For an order requiring that all gains, profits, or advantages derived by Defendants by their wrongful conduct be disgorged to Moroccanoil to the fullest extent allowed by law;

8.    For punitive and exemplary damages in an amount sufficient to punish defendants and defer such conduct in the action;

9.    For attorneys' fees;

10.    For prejudgment interest and  costs; and

11.    For such other and further relief as the Court deems just and proper.

Dated:  October 19, 2015          Mark D. Kremer,
                                  Rebecca A. Bellow, members of
                                  CONKLE, KREMER & ENGEL
                                  Professional Law Corporation


                              By: */s/Rebecca A. Bellow*
                                  Rebecca A. Bellow
                                  Attorneys for Plaintiff Moroccanoil, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff Moroccanoil, Inc. demands trial by jury of all issues triable to a jury.

Dated:  October 19, 2015

Mark D. Kremer,
Rebecca A. Bellow, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation


By: */s/Rebecca A. Bellow*

Rebecca A. Bellow
Attorneys for Plaintiff Moroccanoil, Inc.